# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50092 | **DATE** | 4/17/2003 |
| **CASE TITLE** | BRAXTON vs. UPS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is granted in part and denied in part. Plaintiff's Title VII and ADA claims are dismissed. Plaintiff's Section 1981 claims remain.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Thelma Braxton, an African-American woman, filed this action against defendant, United Parcel Service, her employer, alleging violation of 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Americans with Disabilities Act, 42 U.S.C. § 12,110 et seq. ("ADA"). Defendant moves to dismiss for insufficiency of process, insufficiency of service, and failure to state a claim pursuant to Fed. R. Civ. P. 12 (b) (4)-(6).

Defendant asks the court to dismiss the complaint because plaintiff did not serve it on defendant until 165 days after the complaint was filed. Fed. R. Civ. P. 4 (m) requires service within 120 days of filing the complaint but allows the court to extend this time. Here, the magistrate judge entered an order on August 7, 2002, extending the time to effect service until September 9, 2002. Plaintiff obtained service on August 27, 2002. This extension is within the clear language of the rule and the court's discretion. See Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998). Defendant is not entitled to dismissal under Rule 12 (b) (4) or (5).

A 12 (b) (6) motion is granted only when, taking all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiff, no set of facts could be proved entitling plaintiff to relief. See American United Logistics, Inc. v. Catellus Development Corp., 319 F.3d 921, 926 (7th Cir. 2003). A complaint is not supposed to contain all of the facts necessary to prevail but is to be short and plain and "suffices if it notifies the defendant of the principal events. . . ." Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003).

Defendant argues plaintiff's ADA and Title VII claim based on her pregnancy and related lifting restriction should be dismissed as untimely. Plaintiff's complaint alleges defendant advised her on December 22, 2000, that she would be forced to stop working and be placed on disability due to a 50 pound lifting restriction. (Compl. ¶14). Plaintiff's charge of discrimination was filed with the EEOC on October 31, 2001, more than 300 days after December 22, 2000. (Id. Exh. A) Plaintiff contends her claim is not untimely because the violations were continuing. However, the decision on a specific date, to force plaintiff to stop working is a discrete act which triggered the running of the 300-day period as to that act. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). The 300-day period begins to run when the plaintiff is informed of the adverse employment action. See Hedrich v. Board of Regents of the Univ. of Wisc. Sys., 274 F.3d 1174, 1181 (7th Cir. 2001) ( receipt of notice that tenure was to be denied was day 300-day period began to run not date of actual denial.) Because her charge was filed more than 300 days after the alleged discriminatory act, her Title VII and ADA claims arising from that incident are untimely.

Plaintiff also alleges a hostile work environment and asserts disparate treatment in that African-American employees and female employees are treated less favorably concerning opportunities for advancement to higher paying positions than Caucasians and men. However, these claim were not within plaintiff's EEOC charge which dealt exclusively with the December 2000 actions taken in relation to plaintiff's pregnancy. Because plaintiff did not file a charge concerning these claims, she is precluded from bringing these claims in this action. See McKenzie v. Illinois Dept. of Transp., 92 F.3d 473, 481 (7th Cir. 1996).

For the foregoing reasons, defendant's motion to dismiss is granted in part and denied in part. Plaintiff's Title VII and ADA claims are dismissed. Plaintiff's Section 1981 claims remain.